(C. D. 443)

ROSS BEASON *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 3, 1941)

*Grady L. Crawford* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: This suit arising at Tampa, Fla., involves the importation of five ornaments consisting of three groups of porcelain cupids and two porcelain candlesticks. Upon examination of the articles at the time of importation the customs officials discovered that one candlestick was damaged, the holders being broken off; one candlestick had certain rose pistils broken off; and that one of the porcelain cupids had a ring in the cupid's hand broken off. The articles were reported to have been broken by reason of poor packing and believed by customs officials to be easily repairable at little cost. Consequently duty was assessed thereon at 70 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, no allowance being made for breakage.

The plaintiff claims that as the articles are objects of original art, any damage thereto, however small, completely destroys their value as original objects; that, having been destroyed as far as their commercial value is concerned, the destruction amounts to a nonimportation, even though such articles were not actually physically destroyed in their entirety.

At the trial Ann H. Hall, employed by Maynard-Page, Inc., jewelers and silversmiths and dealers in Dresdens and porcelains for many years, testified upon behalf of the plaintiff that she had examined and appraised articles such as are now before us many times where such articles were imported in a damaged condition; that she had examined the articles in question and found that it was very difficult to have them repaired in this country; and that in her opinion and according to the experience of her firm the articles in question are useless in the condition as imported and the value thereof destroyed.

The secretary of the plaintiff testified that after importation of the damaged ornaments they were not exhibited with the remainder of the importation and that they had never been mended.

The acting appraiser who examined the merchandise testified for the Government that he saw the articles upon arrival in the United

States and at the home of the plaintiff and that in his opinion the articles were not completely destroyed in a commercial sense because of the damage thereto.

The plaintiff in this case attempted to comply with the statute, section 506, for allowance in duties upon imported goods when abandoned to the Government within 30 days. However, the notice of abandonment was filed too late to be effective. An article has been held to be damaged when "its value, its usefulness, or its efficiency is only impaired, "and an article is considered "destroyed when its value, usefulness, and that which makes it what it is are completely lost." *United States* v. *Pastene*, 3 Ct. Cust. Appls. 164, T. D. 32458. The articles before us have been established as having lost their artistic value if they remain in their imported condition and in such condition the value of the article is destroyed. Although the evidence tends to establish that it would be very difficult to repair the articles in this country, it does not establish that they are beyond repair or that by the application of skill they might not be restored to their original artistic value. The Government officials are of the opinion that the articles may be repaired at small cost. The presumption of such finding has not been overcome by the testimony.

In order that imported articles be considered as a nonimportation they must arrive in the United States in such condition that their value is lost, no part of which may be recovered. In the case of *Austin, Baldwin & Co. Inc.* v. *United States*, Abstract 36580 (T. D. 34789), a certain marble statute of a human figure was imported in a broken and damaged condition, the legs and arms were broken off and some of the fingers and toes were broken into small fragments. Inasmuch as the evidence there established that the fragments of broken marble could be put together, the claim for the refund of duty by reason of a nonimportation was denied.

From the evidence before us we are of the opinion that the articles in question were not in such a state of destruction that it would amount to a nonimportation. Judgment will therefore be entered in favor of the Government.