(C. D. 1294)

PASQUALE PEROTTI *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 23, 1951)

Plaintiff not represented by counsel.
*David N. Edelstein,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: This case involves an importation consisting of one wooden religious statue. The appraiser reported the statue badly damaged to the extent of 35 per centum. However, his report did not state that the statue in its imported condition was of no commercial value. The collector, therefore, assessed duty at the appropriate rate, without allowing for the damage to the statue. The importer, who appeared without an attorney, testified that he is a farmer and that he had imported this statue for his own use in his own home. He ordered the statue through his brother in Italy. Due to the condition of the statue at the time of importation, he was unable to use it as he had

planned in his home, both of the arms, the nose, and one of the angels surrounding the statue being broken. After having it repaired, he used it in his home apparently as a shrine. His contention is that the difference between the duty based upon the original value of the statue and the reduced value should be refunded. No claim is made that the classification is erroneous, the only claim being that duty should have been assessed upon the lower value, that is, the original value, less 35 per centum.

The collector based his action on section 15.10 (a) of the Customs Regulations of 1943, which reads:

15.10. **Articles damaged and worthless at the time of importation.**—(a) When a shipment of nonperishable merchandise, or any portion thereof which shall have been segregated from the remainder of the shipment under customs supervision at the expense of the importer, is found by the appraising officer to be entirely without commercial value by reason of damage or deterioration and is so reported to the collector by the appraiser, an allowance in duties on such merchandise on the ground of nonimportation shall be made in the liquidation of the entry.

The basis of this regulation is the early case of *Lawder* v. *Stone*, 187 U. S. 281, 47 L. ed. 178, which held that merchandise which had no commercial value when imported is not subject to duty and that it constitutes a nonimportation.

In the case of *United States* v. *Pastene*, 3 Ct. Cust. Appls. 164, T. D. 32458, the court had before it an importation of macaroni, which was not claimed to be perishable merchandise. A portion of the importation was found to have been injured by the action of sea water caused by the fact that the bow of the importing vessel was badly injured by heavy seas and her forepeak flooded. The United States examiner of merchandise reported various percentages of damage as to the contents of certain boxes. The collector assessed full duty, and against this action the importer protested claiming that such part of the macaroni that had absorbed moisture or which had been soaked with salt water at the time of importation constituted a nonimportation, or, alternatively, that an allowance should be made for the depreciation in the value thereof caused by the absorption of the water and the resulting decay. The Court of Customs Appeals affirmed the decision below and held that the evidence disclosed that the macaroni that had absorbed moisture or which had been soaked with salt water at the time of importation constituted a nonimportation, or, alternatively, that an allowance should be made for the depreciation in the value thereof caused by the absorption of the water and the resulting decay. The court held that the evidence disclosed that the macaroni was not merely damaged, but destroyed, and therefore as to the destroyed portion there was no importation and duty was improperly assessed. There was no claim that the macaroni was perishable merchandise within the meaning of the statute involved.

In the course of its opinion, the court used the following language:

* * * If the merchandise came within the customs jurisdiction damaged only, that is to say injured in its quality, although still retaining its identity and characteristic nature, then it seems clear that an importation of the goods can not be successfully denied. On the other hand, if the goods, consequent upon the wetting received, became decomposed and practically worthless as merchandise prior to their arrival within the limits of the port, it can not be said that they were imported into the United States within the meaning of the tariff laws, particularly as Congress seems to have expressly recognized in the second proviso to the subsection that "total destruction" may result in a "nonimportation in whole or in part."

An article is damaged when its value, its usefulness, or its efficiency is only impaired. It is destroyed when its value, usefulness, and that which makes it what it is are completely lost.

In the instant case, the evidence shows that the statue was damaged, that is, its value, usefulness, and efficiency were only impaired. Its value was not destroyed. On the contrary, by means of repairs it is now, according to the testimony of the importer, as good as new and is in use in his home. It would seem from the record as presented that importer's remedy should have been by appeal to reappraisement in which he might have sought to have a lower valuation placed upon the statue whereby he might have been relieved of the assessment of duty upon the damaged portion. It is unfortunate that under the circumstances this court is unable to grant relief.

For the foregoing reasons the protest is overruled. Judgment will be rendered for the defendant.