Reap. Dec. 10075.——
Roberts, Reilly & Johns v. United States.

MEMORANDUM TO ACCOMPANY ORDER

LAWRENCE, Judge: The importation to which this appeal relates is described on the invoice as a "Plastic Injection Mould #474 Speedboat Deck."

In plaintiff's brief, it is stated that the article was entered at "a declared value for home consumption in Canada of $550." It was appraised at $841.80 packed, including the cost of design, on the statutory basis of cost of production, section 402(f) of the Tariff Act of 1930.

In its brief, plaintiff presents the following questions for determination by the court:

1. On the date of export from Canada was there a foreign or export value for such or similar merchandise?

2. In appraising the merchandise on the basis of Cost of Production should an allowance have been made for the used condition of the mould?

It appears from the record that the mould in controversy was made of metal; that it was previously imported to the United States from Canada under entry No. 905338 of December 30, 1950; at that time, it was appraised at $845.24 on the cost of production basis including the cost of design and other factors, the same as were involved in the present importation covered by entry No. 906795 of January 26, 1951, the difference in the two appraised values being represented solely by a variation in currency conversion.

It also appears in the record that after the mould was returned to Canada, and prior to its present importation, it had been used for commercial purposes in Canada in the manufacture of a plastic toy and, in its condition upon second importation, it was a used, secondhand mould.

It does not seem reasonable that an article which has once served its intended purpose, and whose value has accordingly depreciated, should properly be appraised at its original cost of production. It is not clear to the court how the elements of cost of production, namely—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration * * *

can properly be ascertained with respect to a secondhand article.

A case which throws some light on the subject, which was drawn to the attention of the court by plaintiff, is reported in what are

known as "Reappraisement Circulars, 1917, No. 27467" relating to an importation of undyed silks which were defective and unmarketable except as a job lot. It appears from the opinion of the court (then Board of General Appraisers) that—

Because there existed no foreign market for these silks, and no American selling price therefor, the appraiser advanced the entered value thereof to an amount equal to the estimated cost of production, with additions for overhead charges and profit.

The opinion further states that "* * * the question arises whether the provision in paragraph L of the existing tariff [October 3, 1913] makes the cost of production the minimum basis upon which to rest an appraisement. I am of the opinion that the provision referred to concerns only regular marketable goods, and has no application whatever to damaged or defective goods."

It was further stated therein by the court—

Invariably, the rule has been to appraise old, out-of-season, defective, and damaged goods as job lots at the ascertained market value thereof as such, and I can not recall any case prior to the present wherein it was sought to appraise defective and unmarketable goods on the basis of cost of production. To hold sound any such contention would mean that damaged and inferior goods would take the same value as similar goods in perfect condition, and vice versa.

The rationale of the court in the case above quoted is deemed to apply with equal force and effect to the circumstances of the instant case. The court is, therefore, of the opinion that the method of appraisement applied to the present importation was erroneous.

There is some evidence of a market existing in Canada for the sale of used moulds both for home consumption and for export to the United States. However, the statutory requirements for the establishment of foreign or export value have not satisfactorily been shown.

At the trial, counsel for plaintiff stated that "* * * the appeal before the Court this morning is being tried as a test case, which I believe will govern the disposition of the balance of the appeals which were originally listed on the calendar for trial today."

It appears from the records of the court that, as of this time, there are now pending on the suspended list 69 appeals for a reappraisement.

The court is of the opinion, therefore, that the interest of justice would best be served by setting aside the submission herein and restoring the case to the calendar for further evidence upon which a proper finding of value may be reached.

Order will issue accordingly.