(R. D. 11260)

## IDEAL TOY CORPORATION *v*. UNITED STATES

Entry No. 966256, etc.

(Decided February 15, 1967)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the defendant.

FORD, Judge: The appeals for reappraisement listed in schedule "A," annexed hereto and made a part hereof, cover a number of importations of steel plastic injection molds which were appraised at

various values on the basis of export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, since the merchandise is not included on the final list published in T.D. 54521.

Plaintiff originally claimed, in its statement under Rule 15(d) of the Rules of the United States Customs Court, that the proper basis for appraisement was constructed value. However, this claim was not pressed at the trial nor was it covered by the brief filed on its behalf. At the trial, counsel for plaintiff amended its statement under said rule, to include a claim for export value under section 402(b), *supra*, and contends the dutiable value of certain of the molds to be the appraised value, less 30 to 60 percent. It is also claimed in plaintiff's brief that certain of the molds are worthless and constitute a nonimportation and accordingly not subject to duty. Alternatively, it is claimed that the dutiable value of said molds is the invoice prices or the appraised value, less 33⅓ percent.

The pertinent portions of section 402, Tariff Act of 1930, as amended, *supra*, provide as follows:

SEC. 402. VALUE.

(a) BASIS.—Except as otherwise specifically provided for in this Act, the value of imported merchandise for the purposes of this Act shall be—

(1) the export value, or

(2) if the export value cannot be determined satisfactorily, then the United States value, or

(3) if neither the export value, nor the United States value can be determined satisfactorily, then the constructed value;

\* \* \* \* \* \* \*

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

Under its amended claim, plaintiff does not dispute the basis of appraisement, export value, but contends for another dutiable value. Under the statutory provisions of 28 U.S.C., section 2633, a presumption of correctness attaches to the appraised value, and the party challenging the appraisement must show by a preponderance of evidence that the appraised values are erroneous and that the claimed values are the correct dutiable value. In order for plaintiff to be

successful, it must establish that there was no export value for the imported merchandise at the value found by the appraiser and that, at the time of exportation to the United States, such or similar merchandise was freely sold or, in the absence of sales, freely offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at prices which are equal to the claimed values.

In an attempt to meet this burden, plaintiff produced the testimony of Mr. Alfred C. Manovill, vice president in charge of custom molding of plaintiff corporation whose experience of 41 years amply qualified him to testify as an expert. The evidence adduced from this witness, aside from the identification of the items intended to be produced by molds, was to the effect that none of the molds were usable in the condition as imported and in many cases were defective and unable to be used by plaintiff. The witness also testified that in the United States molds of this type have a short lifespan and that highly styled items are amortized in 1 year, semistyled items in 2 or 3 years, and small staple items in 4 or 5 years.

There appears to be no question that the imported molds are secondhand or used molds. Plaintiff relies upon the memorandum accompanying an order in *Roberts, Reilly & Johns* v. *United States*, 47 Cust. Ct. 454, Reap. Dec. 10075, in support of its contention that the appraised value is too high. In the *Roberts* case, *supra*, certain molds were imported into the United States and duty was paid thereon. Subsequently they were shipped to Canada and used. Upon their reentry into the United States after use in Canada, the appraised value was contested. The court, in restoring the case to the calendar, stated that it would be reasonable to assume that the value of said merchandise had depreciated once it had been used. I agree with the statement made therein. However, the record herein is completely silent as to the value of the involved molds when new. The record also fails to establish the material elements necessary to establish an export value as prescribed in section 402(b), *supra*. Accordingly, plaintiff has failed to overcome the presumption of correctness attaching to the appraised value.

With respect to the molds claimed to be a nonimportation, the record does establish through the testimony of the sole witness called on behalf of plaintiff that, in his opinion, these molds were so defective as to be worthless in producing the intended merchandise. The question of nonimportation for customs purposes, while not novel, is not one upon which there is an abundance of litigation. In order to constitute a nonimportation, the imported merchandise must have incurred damage which amounts to total destruction. Damage which renders an article unfit for its original purpose does not constitute a

nonimportation since there is usually a salvage value for such merchandise. *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, T.D. 32074. *Bush & Co. (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 22, T.D. 39894. *Pasquale Perotti* v. *United States*, 26 Cust. Ct. 37, C.D. 1294. *Ross Beason* v. *United States*, 6 Cust. Ct. 116, C.D. 443.

Accordingly, it would appear, insofar as the record as made herein, that the imported molds do not fall within the principle of a nonimportation and are, therefore, subject to duty. No other value having been established, plaintiff has failed to overcome the presumption of correctness attaching to the appraised value.

I find as matters of fact:

1. That the imported merchandise consists of steel plastic injection molds appraised on the basis of export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. That plaintiff has failed to prove value other than the appraised value.

I, therefore, conclude as matters of law:

1. That the proper basis of value for the imported molds is export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra.*

2. That said values are the appraised values herein.

Judgment will be entered accordingly.